J-S52005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA A. CAMPBELL, | |
| Appellant | No. 1323 WDA 2014 |

Appeal from the Judgment of Sentence October 10, 2013
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000126-2013

BEFORE:  SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 16, 2015**

Joshua A. Campbell appeals from the October 10, 2013 judgment of sentence imposed in the Court of Common Pleas of Venango County following a jury trial on August 20, 2013.  The jury found Appellant guilty of possession of heroin; Appellant entered a guilty plea to the other charged offense, driving under suspension-DUI related.  Following our careful review, we affirm.

The trial court summarized the facts of the crime as follows:

> On January 22, 2013, Chief Robert J. Wenner of the Oil City Police Department was traveling west on Lees Lane in Oil City.  Chief Wenner was driving an unmarked, black Chevy Tahoe.  When approaching an intersection, Chief Wenner noticed a vehicle approaching head-on across Orange Street, approximately 35 feet away.  Chief Wenner immediately recognized the driver of the vehicle as Joshua Campbell, whom the Chief believed did not possess a driver's license.  Chief Wenner activated his emergency equipment in an attempt

to pull Mr. Campbell over. [Appellant] immediately noticed Chief Wenner, placed his vehicle in reverse, and began backing down an alley. Chief Wenner followed. Eventually, [Appellant] backed into a pull-off area next to 203½ Lee's Lane. As [Appellant] was stopping his vehicle, he made a furtive movement toward the door. Specifically, he bent forward and moved his left hand beside the driver's side door. During the stop, Chief Wenner noticed two bindles[1] of what he believed to be either heroin or cocaine. Thereafter, Chief Wenner called for additional units. Officer [David A.] Ragon arrived, noticed the rectangular bindles near the car door frame, and began taking photographs of the items. The items were then recovered with an evidence bag. Chief Wenner performed a NIC field test on the substance at about 4:30 that afternoon; the results returned positive for heroin. The substance was packaged and sent to the Erie Crime Lab for subsequent follow-up testing.

Trial Court Opinion, 11/21/14, at 2–3 (footnote and internal citations omitted).

Appellant was arrested and charged with possession of heroin and driving under suspension-DUI related. The trial court summarized the ensuing procedural history as follows:

On August 20, 2013, [Appellant] proceeded to trial and was represented by counsel, and the jury found [Appellant] guilty of Count 1, Possession of a Controlled Substance. [Appellant] pled guilty to Count 2, Driving Under Suspension– DUI related. On October 10, 2013, [Appellant] was sentenced to a term of imprisonment of 6 to 12 months on Count 1, Possession of a Controlled Substance, in violation of 35 [P.S.] § 780-113(a)(16), and a term of imprisonment of 90 days on Count 2, Driving While Operating Privilege Is Suspended Or Revoked, in violation of 75 Pa.C.S.A. § 1543(b)(1), to be computed from the expiration of Count 1. [Appellant] initially filed his Post-Sentence Motion in this matter on October 29,

---

[1] The prosecutor told the jury a bindle is "merely magazine paper with a page to make a fold to put the product inside." N.T., 8/20/13, at 4.

2013. At that time, [Appellant] petitioned the court for leave to amend his post-sentence motion pending the necessary transcripts which, at that time, had not been completed. Subsequently, Senior Judge Fred P. Anthony, by Order of Court dated November 19, 2013, granted [Appellant] leave to file a post-sentence motion *nunc pro tunc* when the transcripts were completed.

On July 8, 2014, [Appellant] filed his amended post-sentence motion. Two days later, on July 10, 2014, the court issued its Order of Court and Notice of Denial of Post Sentence Motions Pursuant to Pa.R.Crim.P. 720(B)(3)(b).[2] Thereafter, [Appellant] filed his Notice of Appeal *Nunc Pro Tunc* on August 8, 2014. On August 15, 2014, [Appellant] was directed to file with this court a Concise Statement of Errors Complained of on Appeal in accordance with Pa.R.A.P. 1925. The present Concise Statement was filed on September 4, 2014.

*Id*. at 1–2.

Appellant purports to raise the following six issues for our review:[3]

1. Is the verdict contradictory and against the weight of the evidence to prove beyond a reasonable doubt with res[p]ect to the defendant's *mens rea* as required by 18 Pa.C.S.A. §301(c)?

2. Did the trial court err in failing to give proper jury instruction with regard to possession, specifically constructive possession?

_____

[2] On July 10, 2014, the trial court entered an order stating that Judge Anthony's November 19, 2013 order "was in error" because pursuant to Pa.R.Crim.P. 720, "the court must decide post-sentence motions within the statutory time limit of 120 days." Order, 7/10/14, at 1. The trial court further noted that because the clerk of courts failed to send an order pursuant to Rule 720(B)(3)(c), Appellant "is hereby notified of the right to file an appeal [*nunc pro tunc*] within thirty (30) days of the date of this Order." *Id*. at 2.

[3] The issues are identical to the issues set forth in Appellant's Pa.R.A.P. 1925(b) statement.

3. Did the trial court err in allowing District Attorney Marie Veon during closing argument to give an incorrect statement of law regarding possession, specifically, constructive possession?

4. Did the trial court err in the sentencing of the defendant by failing to take into account the defendant's extenuating circumstances with regard to his continued health and sobriety?

5. Did the trial court err in not sentencing the defendant to probation by failing take (sic) to take into account the aged nature of his prior offenses?

6. Did the trial court err by not taking into account the defendant's sixteen (16) months of being admitted to bail since the arrest in this matter and having no other legal incidents?

Appellant's Brief at 5–6.[4]

Regarding issue two, Appellant represents that "[r]eceipt of the complete trial transcript indicates the trial court did not err in this regard and did give proper jury instruction with regard to constructive possession." Appellant's Brief at 5. Thus, this issue has been abandoned.

_____

[4] We note that Appellant's brief is non-compliant with the rules of appellate procedure. For example, the argument section of his brief, a series of nine paragraphs, is not subdivided into identifiable issues. This violates Pa.R.A.P. 2119(a), which provides as follows: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Further, Appellant references alleged errors occurring at trial without providing citation to the record, thereby precluding our ability to evaluate his contentions. As we stated in **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014), "It was [the appellant's] responsibility to provide an adequately developed argument by identifying the factual bases of his claim and providing citation to and discussion of relevant authority in relation to those facts." We expand upon the omissions *infra*.

*Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (Defendant abandoned contention set forth in statement of issues where, in his brief, he failed to present argument on the evidence claim). Appellant further indicates that issue four "is now moot as the Appellant has undergone the necessary steps, under the guidance of his physician and program sponsors, to wean himself from the continued need of Methadone treatment." Appellant's Brief at 5. Thus, this issue has been abandoned, too. *Bullock*, 948 A.2d at 823.

We also note that issue three is waived. Appellant avers that during the Commonwealth's closing argument, the prosecutor "provided incorrect information to the jury" regarding possession of a controlled substance. Appellant's Brief at 10–11. However, he failed to comply with Pa.R.A.P. 2119(c) by referring to the place in the record where the comments appeared. *Commonwealth v. Truong*, 36 A.3d 592, 598 (Pa. Super. 2012) (stating failure to provide record citation in support of argument violates Pa.R.A.P. 2119(c) and constitutes waiver). More importantly, we have reviewed the complete closing argument and note that Appellant wholly failed to object to **any** remark during or after the prosecutor's closing argument. Therefore, we agree with the trial court that this assertion of error is waived. Trial Court Opinion, 11/21/14, at 7–8; *Commonwealth v. May*, 31 A.3d 668, 673 (Pa. 2011) (citing Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time

on appeal")); *see also* Pa.R.E. 103(a) (party may claim error in admission of evidence only when party makes a timely objection); *Commonwealth v. Heckathorn*, 241 A.2d 97, 102 (Pa. 1968) (failure to object to purported hearsay testimony resulted in waiver).

Issues five and six relate to the sentence imposed by the trial court. Appellant posits the trial court failed to take into account "the aged nature of . . . [his] prior offenses," and failed to consider that during the prior sixteen months while he was on bail, he "remained unencumbered of new legal issues." Appellant's Brief at 12. These claims purport to present a challenge to the discretionary aspects of his sentence. However, it is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Corley*, 31 A.3d 293 (Pa. Super. 2011):

> We held in *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa. Super. 2006), that before we reach the merits of such a claim,
>
>> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is

> inappropriate under the sentencing code. ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa. Super. 2005). The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. ***Id***. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. ***Id***. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case. ***Id***.

***Id***. at 295–296.

The first requirement of the four-part test is met. Also, the record reflects that Appellant met the second requirement because he raised his current challenge in a post-sentence motion, which the trial court denied. Appellant, however, has failed to comply with Pa.R.A.P. 2119(f), the third prong.

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.'" ***Commonwealth v. Glass***, 50 A.3d 720, 726-727 (Pa. Super. 2012).

In the instant case, Appellant has failed to provide a Rule 2119(f) statement in his brief. The Commonwealth, however, has not filed a brief[5] and therefore, has not objected to this violation. "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)." **Commonwealth v. Gould**, 912 A.2d 869, 872 (Pa. Super. 2006). Thus, we would proceed to consider whether the trial court considered proper sentencing factors. **Id**. However, Appellant has also failed to provide the sentencing transcript in the record certified to us on appeal. An appellant "has the duty to ensure that the record is complete for purposes of appellate review." **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013). Where the record does not include a relevant transcript, our review of the argument is thwarted. **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*). Accordingly, we find the sentencing arguments waived. **Commonwealth v. Gonzalez**, 109 A.3d 711, 725 (Pa. Super. 2015).

Thus, the only issue before us is Appellant's first issue assailing the weight of the evidence.[6] "When the challenge to the weight of the evidence

---

[5] We note our displeasure in the Commonwealth's failure to file a brief in this matter.

[6] To the extent Appellant mixes principles relating to the sufficiency of the evidence, we note that such a claim is waived for failure to develop the argument. Appellant has failed to specify which elements of the crimes were not satisfied. In **Samuel**, we stated, "In order to develop a claim
*(Footnote Continued Next Page)*

- 8 -

is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." *Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. 2004). "Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). "Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Id.* (citing *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. Super. 2003)) (citations omitted).

Reiterating that a motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court, our Supreme Court admonished that "[a] new trial should not be granted because of a mere conflict in the testimony. . . ." *Commonwealth v. Clay*, 64 A.3d 1049, 1054–1055 (Pa. 2013). The

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove." *Id.*, 102 A.3d at 1005. Here, such specificity is lacking in Appellant's mixed claim of error, and therefore, Appellant's claim, to the extent it challenges the sufficiency of the evidence, is unreviewable.

Supreme Court stated:

> In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.
>
> To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury." Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Id*. at 1056.

The trial court addressed the argument put forth by Appellant, and we

rely on its discussion for our disposition of the issue, as follows:

> After careful review of the testimony adduced at trial, the court is not persuaded that the verdict was against the weight of the evidence. There was ample evidence adduced at trial that: the [Appellant] backed his vehicle away from Chief Wenner, Chief Wenner saw the [Appellant] make a furtive movement near the driver's seat, and multiple bindles of heroin were found near the driver's seat. It is the province of the jury, sitting as fact finder, to believe or disbelieve testimony and resolve all conflicts in evidence. *Commonwealth v. Gooding*, 818 A.2d 546 (Pa. Super. Ct. 2003).
>
> In essence, [Appellant] is arguing that he is entitled to a new trial because the jury erred in choosing to believe the Commonwealth over the [Appellant] and other defense witnesses. Because credibility determinations are entirely the province of the jury, the court finds nothing so shocked our

conscience as to require the granting of a new trial. To the contrary, the jury's verdict was perfectly consistent with its traditional role of hearing testimony and resolving conflicts in that testimony. The jury was free to weigh the conflicting testimony of all witnesses and return a guilty verdict. The defense made abundantly clear in its opening its position that [Appellant] did not knowingly or intentionally possess the heroin. *See* N.T., p. 7. Obviously, the jury did not agree. Thus, this claim is without merit.

Trial Court Opinion, 11/21/14, at 5–6.

We conclude that the trial court's decision did not constitute an abuse of discretion. Rather, "notwithstanding all the facts, certain facts [were] so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Clay**, 64 A.3d at 1055. Thus, this issue is lacking in merit.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015